IN THE UNITED STATES DISTRICT COURT
SOUTHER DISTRICT OF FLORIDA
KEY WEST DIVISION

FRIENDS OF THE ISLAMORADA AREA
STATE PARKS, INC., a Florida corporation,

    Plaintiff,

vs.                                                                    CASE NO.:

MILEMARKER BOOKS, INC., a Florida
Corporation, ROBERT A. BAN, ZORAIDA
C. BAN, ORIGINAL IMPRESSIONS, LLC,
a Florida limited liability company,

    Defendants.

_____/

## COMPLAINT FOR COPYRIGHT INFRINGEMENT AND UNFAIR COMPETITION

Plaintiff, FRIENDS OF THE ISLAMORADA AREA STATE PARKS, INC. ("FIASP") sues Defendants MILEMARKER BOOKS, INC. ("MM BOOKS"), ROBERT BAN ("R. BAN"), ZORAIDA BAN ("Z. BAN"), and ORIGINAL IMPRESSIONS, LLC ("IMPRESSIONS") and alleges:

### JURISDICTION

1. This action is brought under the Federal Copyright Act of 1976, as amended, 17 U.S.C.A. Sections 101 et. seq.

2. This court has jurisdiction pursuant to 28 U.S.C.A. § 1338(a).

3. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C.A. § 1400(a) in that the wrongful acts were committed in Monroe County, Florida.

## PARTIES

4. Plaintiff FIASP is a Florida nonprofit, citizen support corporation with its principal place of business in Islamorada, Monroe County, Florida. FIASP is dedicated to the preservation and enhancement of the state parks located in the Islamorada area, Monroe County, Florida totaling 17,000 acres. It was created to generate public awareness, education, financial support, preservation and maintenance of the local state parks. These parks consist of Windley Key Fossil Reef Geological State Park, Curry Hammock State Park, Long Key State Park, Lignumvitae Key Botanical State Park, and San Pedro Underwater Archaeological Preserve State Park.

5. Defendant MM BOOKS is a Florida corporation having its principal place of business in Marathon, Monroe County, Florida. MM BOOKS is a publisher of books.

6. Defendant R. BAN is a resident of Marathon, Monroe County, Florida. At all times material hereto R. BAN was the president and a director of MM BOOKS. Upon information and belief, at all times material hereto, R.BAN was a shareholder of MM BOOKS.

7. Defendant Z. BAN is a resident of Marathon, Monroe County, Florida. At all times material hereto Z. BAN was the secretary and a director of MM BOOKS. Upon information and belief, at all times material hereto, Z.BAN was a shareholder of MM BOOKS. Upon information and belief, R. BAN and Z. BAN are husband and wife and the sole and controlling shareholders of MM BOOKS. (R. Ban and Z. BAN will collectively be referred to as "BAN").

8. Defendant IMPRESSIONS is a Florida limited liability company having its principal place of business in Miami, Miami-Dade County, Florida. At all times material

hereto IMPRESSIONS has been in the printing business.

9. FIASP has employed the undersigned attorneys and has promised to pay them a reasonable fee for their services. FIASP is entitled to recover its attorneys' fees from the Defendants pursuant to 17 USCA Sec. 505.

## COUNT I – COPYRIGHT INFRINGEMENT (MM BOOKS)

10. FAISP realleges and reavers the allegations set forth Paragraphs 1 – 9 above as though fully set forth herein.

11. Before October 4, 1973, Charlotte Arpin Niedhauk wrote a book entitled *Charlotte's Story: A Florida Keys Diary 1934 & 1935"* ("*Charlotte's Story*").

12. The book is an original work that may be copyrighted under United States law. A copy of the book is attached as Exhibit "A".

13. Charlotte Arpin Niedhauk applied to the copyright office and received a certificate of registration dated October 4, 1973 and identified as A 64654.

14. Thereafter, Charlotte Arpin Niedhauk published the First Edition of "*Charlotte's Story*" and reprinted it at various times, in strict conformity with the provisions of the laws governing copyrights.

15. All rights in and to the copyright and the book "*Charlotte's Story*" were transferred to Russell Niedhauk, Charlotte Arpin Niedhauk's husband, upon her death. Upon the death of Russell Niedhauk, all rights, title and interest in and to "*Charlotte's Story*", including the copyright were transferred to Dorothy Niedhauk, the surviving spouse of Russell Niedhauk.

16. On or about November 25, 1997, Dorothy Niedhauk transferred all of her right to reprint and publish "*Charlotte's Story*" to FIASP, as a charitable contribution. The

transfer was recorded in the Copyright Office of the United States on or about June 12, 1998.

17. Since November 1997, Plaintiff has been the sole owner of the copyright.

18. In 1998, FIASP authorized Laurel & Herbert, Inc. to publish and print one time only the Second Edition of "*Charlotte's Story*" in 1998 in strict conformity with the provisions of the United States Copyright Act and all laws governing copyrights. One printing was made in 1998.

19. After the copyright was issued and transferred to FIASP, Defendant MM BOOKS infringed the copyright by publishing, reprinting and selling the Second Edition of "*Charlotte's Story*". It is the same as the first printing of the Second Edition which was done under the auspices of FIASP. A copy of the book published and reprinted by MM BOOKS is attached hereto as Exhibit "B".

20. FIASP notified Defendant MM BOOKS of the infringement in writing.

21. Defendant MM BOOKS continues to infringe the copyright by continuing to publish and sell the infringing book in violation of the copyright, and has further engaged in unfair competition with its publication and sale of the infringing book, thus causing irreparable damage.

22. WHEREFORE, FIASP demands that:

   a. Defendant MILEMARKER BOOKS, INC. and its agents, be enjoined during the pendency of this action and permanently from infringing the above-mentioned copyright of Plaintiff in any manner, and from publishing, selling, marketing or otherwise disposing of any copies of the book entitled "*Charlotte's Story: A Florida Keys Diary*";

    b. Defendant MILEMARKER BOOKS, INC account for and pay as damages to the Plaintiff all profits and advantages gained from unfair trade practices and unfair competition in selling the Defendant's book, and all profits and advantages gained from infringing the Plaintiff's copyright (but no less than the statutory minimum);

    c. Defendant MILEMARKER BOOKS, INC. deliver for impoundment, all copies of the book in defendant MILEMARKER BOOKS, INC.'s possession or control and deliver for destruction all infringing copies and all plates, molds, and other materials for making infringing copies;

    d. Defendant pay to FAISP interest, costs and reasonable attorney's fees to be allowed Plaintiff by the court; and

    e. Plaintiff be granted any other and further relief as is just.

## COUNT II– COPYRIGHT INFRINGEMENT (BAN)

23. Plaintiff realleges and reavers the allegations set forth in Paragraphs 1- 7, 9, and 11- 21 as though fully set forth herein.

24. Defendant MM BOOKS is under the exclusive control of Defendants BAN.

25. Defendants BAN with knowledge of the infringing activity induced, caused and/or materially contributed to the infringing conduct of Defendant MM BOOKS. Defendants BAN

26. Defendants BAN have the right and ability to supervise the infringing activities of MM BOOKS, and controlled the same for private financial gain.

27. Defendants BAN directed the infringement and profited from the wrongful infringement.

28. Defendants BAN are vicariously and/or contributory liable for the infringing actions of Defendant MM BOOKS.

WHEREFORE, FIASP demands that:

a. Defendants BAN. and their agents, be enjoined during the pendency of this action and permanently from infringing the above-mentioned copyright of plaintiff in any manner, and from publishing, selling, marketing or otherwise disposing of any copies of the book entitled *"Charlotte's Story: A Florida Keys Diary"*;

b. Defendants BAN account for and pay as damages to the Plaintiff all profits and advantages gained from unfair trade practices and unfair competition in selling the defendant's book, and all profits and advantages gained from infringing the Plaintiff's copyright (but no less than the statutory minimum);

c. Defendants BAN deliver for impoundment, all copies of the book in Defendants BAN's possession or control and deliver for destruction all infringing copies and all plates, molds, and other materials for making infringing copies;

d. Defendants BAN pay to FAISP interest, costs and reasonable attorney's fees to be allowed Plaintiff by the court; and

e. Plaintiff be granted any other and further relief as is just.

## COUNT III– COPYRIGHT INFRINGEMENT (IMPRESSIONS)

29. Plaintiff realleges and reavers the allegations set forth in Paragraphs 1 – 5, 8, 9, 11-20 above as though fully set forth herein.

30. After the copyright was issued and transferred to FIASP, Defendant IMPRESSIONS infringed the copyright by reprinting and selling the Second Edition of "*Charlotte's Story*".

31. On information and belief, Defendant IMPRESSIONS materially contributed to the infringing conduct of Defendant MM BOOKS with knowledge of the infringing activity for pecuniary gain by printing and reprinting the infringing books for sale by or for the benefit of Defendant MM BOOKS.

32. As such Defendant IMPRESSIONS is contributory liable for the infringing actions of Defendant MM BOOKS.

WHEREFORE, FIASP demands that:

  a. Defendant IMPRESSIONS and their agents, be enjoined during the pendency of this action and permanently from infringing the above-mentioned copyright of Plaintiff in any manner, and from publishing, selling, marketing or otherwise disposing of any copies of the book entitled *"Charlotte's Story: A Florida Keys Diary"*;

  b. Defendant IMPRESSIONS account for and pay as damages to the Plaintiff all profits and advantages gained from unfair trade practices and unfair competition in selling the defendant's book, and all profits and advantages gained from infringing the Plaintiff's copyright (but no less than the statutory minimum);

   c. Defendant IMPRESSIONS deliver for impoundment, all copies of the book in Defendants BAN's possession or control and deliver for destruction all infringing copies and all plates, molds, and other materials for making infringing copies;

   d. Defendant IMPRESSIONS pay to FAISP interest, costs and reasonable attorney's fees to be allowed Plaintiff by the court; and

   e. Plaintiff be granted any other and further relief as is just.

Dated:     April 29, 2015

Respectfully submitted,

THE SILVER LAW GROUP, P.A.
  *Attorneys for Plaintiff*
P.O. Box 710
Islamorada, FL  33036
(305) 664-3363   Telephone
(305) 664-3365   Fax

By: /s/ Patricia M. Silver, Esq.
    Patricia M. Silver, Esq.
    Fla. Bar No. 198919